**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATHANIEL STEVEN BRUCE,

    Plaintiff,

v.

U.S. ATTORNEY GENERAL, *et al.*,

    Defendants.

Civil Action No. 19-00352 (CKK)

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons discussed below, Defendants' Motion to Dismiss is granted and the Motion for Summary Judgment is denied.

### I. PROCEDURAL BACKGROUND

Plaintiff, Nathaniel Steven Bruce, a federal prisoner proceeding *pro se*, filed a Complaint, ECF No. 1, on February 11, 2019. Plaintiff was convicted in the Superior Court for the District of Columbia pursuant to the District of Columbia Code and is currently serving a 60-month sentence. Declaration of Patrick Kissell ("Decl.") ¶ 2. He sues the "unknown" Attorney General, the "unknown" Director of the Bureau of Prisons ("BOP"), and Eric Wilson, the Warden of Federal Medical Center in Fort Worth, Texas ("FMC Fort Worth"). Compl. at 3.[1] He does not specify whether Defendants are sued in their official and/or personal capacities.

On March 6, 2019, this matter was assigned to this Court and, on March 8, 2019, an Order Establishing Procedures ("Ord. Est. Proc."), ECF No. 6, issued. The Order provided instruction

---

[1] The Court references the ECF generated page numbers in citing to Plaintiff's Complaint.

that "[w]here a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded." Ord. Est. Proc. ¶ 10(B).

Counsel for Defendants entered a Notice of Appearance, ECF No. 10, on April 30, 2019. After a brief extension of time, Defendants timely filed the preliminary Motion to Dismiss or, in the Alternative, for Summary Judgment, with accompanying Exhibits and Memorandum in Support ("Mem."), collectively, ECF No. 12. On June 26, 2019, the Court again advised Plaintiff of his obligations to respond under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See* June. 26, 2019 Order ("Fox Neal Ord."), ECF No. 14; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). The Court further ordered that Plaintiff file an opposition or other response to the Defendants' Motion by July 26, 2019. *See* Fox Neal Ord. at 2. Plaintiff was forewarned that if he failed to file a timely response, the Court would rule on the Motion without the benefit of his position. *Id.* To date, Plaintiff has not filed any opposition or response, and has not otherwise complied with this Court's Orders.

## II. LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6).[2] Mem. at 4–5. In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), a court must "treat a complaint's factual allegations as true . . . and must grant a plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

---

[2] Defendants also move to dismiss pursuant to Fed. Rs. Civ. P. 12(b)(2) and (b)(3) or, in the alternative, move for summary judgment pursuant to Fed. R. Civ. P. 56. Mem. at 4, 6–7, 9 n.4. Given that the Court dismisses this case on other grounds, it does not address these legal standards or arguments.

Where an action is brought by a *pro se* plaintiff, as in the instant matter, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, a court need not accept inferences drawn by a plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept a plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### Subject Matter Jurisdiction

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F. 3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

When reviewing a challenge pursuant to Rule 12(b)(1), the court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (holding same); *see also Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider material outside

of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction.).." By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

Failure to State a Claim

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.,* quoting *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated

by reference in the complaint and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

### III. DISCUSSION

The Complaint is not a model in clarity, however, Plaintiff is seemingly aggrieved because Defendants have all allegedly played a role in denying his request[3] for "compassionate release," *see* 18 U.S.C. § 3582(c)(1)(A)(i) (2014).[4] *See, e.g.,* Compl. at 7, 18. Plaintiff alleges that, several years ago, he suffered from a stroke, causing him permanent brain injury and resulting communication impairments. *Id.* at 6. Plaintiff contends that he should be afforded compassionate release based on his medical condition but is statutorily barred from relief as a "D.C. Code offender," *see* 28 CFR § 571.64. *See id.* at 7.

Plaintiff also seems to argue that his medical and rehabilitative treatment at FMC Fort Worth has been insufficient. *See id.* at 4, 8, 12–13, 16–17. He further alleges that, in 2017, while being transported from FMC Fort Worth "to Harris Hospital," the prison transport vehicle was rear-ended. He states that his condition worsened as a result, and that he filed a "[c]laim for [i]njury, pursuant [to the] FTCA," to which he has received no response. *Id.* at 7–8.

Plaintiff's intended causes of action are not explicit, though he has filed, in part, a form 42 U.S.C. § 1983 complaint. Compl. at 1. Therefore, he appears to allege constitutional violations, albeit unspecified. He requests $250,000 in monetary damages and an injunction granting him compassionate release. *Id.* at 4.

---

[3] Despite Plaintiff's allegations, the decision to deny Plaintiff's request for compassionate release was not premised on his status as a D.C. Code offender. Mem. at 8; *see also* Compl. at 18. Further, it appears that Warden Rodney Chandler, not Eric Wilson, denied said request. *Id.* at 15.

[4] The "compassionate release" or "reduction in sentence" provision states that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i) (2014).

### Bivens Claims (Personal Capacity)[5]

Defendants argue, and the Court agrees, that Plaintiff cannot bring constitutional claims against them pursuant to 42 U.S.C. § 1983 because the statute only applies to state actors, and not federal officials acting under color of federal law. Mem. at 13; *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C Cir. 2005) (citations omitted). However, in interpreting the Complaint generously, the Court turns instead to Section 1983's federal analog, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants indicate that Plaintiff never filed an administrative remedy regarding his denial of compassionate release and that he has also failed to fully exhaust his claims regarding his medical treatment. Mem. at 18–20; Decl. ¶ 8. "Prisoners' claims supporting *Bivens* actions . . . must first be exhausted administratively." *Davis v. Mukasey*, 669 F. Supp. 2d 45, 49–50 (D.D.C. 2009) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also* the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). This exhaustion requirement . . . is not a jurisdictional bar [,]" but rather, "operates as 'an affirmative defense that the defendants have the burden of pleading and proving." *Johnson v. District of Columbia*, 869 F. Supp. 2d 34, 36 (D.D.C. 2012) (citations and internal quotation marks omitted). Here, Defendants submit a sworn affidavit attesting that Plaintiff failed to pursue or fully pursue the availing administrative remedies. Decl. ¶ 8. In fact, Plaintiff admits that he has not administratively exhausted his claims. Compl. at 3. Therefore, the Court finds that

---

[5] A lawsuit against a government official in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official [ ] capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal citations omitted). The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Here, there is no information that the government has consented to damages suits for constitutional violations. Consequently, no official capacity claims may proceed under *Bivens*.

Plaintiff has failed to exhaust his administrative remedies, and for that reason, it lacks subject matter jurisdiction.

To the extent that Plaintiff seeks damages resulting from the implementation or oversight of 28 CFR § 571.64, *see, e.g.,* Compl. at 3, his claims also fail. Section 571.64 prohibits "D.C. Code offenders" from seeking compassionate release relief pursuant to 18 U.S.C. 3582(c)(1)(A). Plaintiff plainly disagrees with the policy; however, it is wholly unclear what constitutional right Plaintiff believes was impeded. Second, Plaintiff does not specify whether he intends to bring policymaking and/or supervisory liability claims. In order to state a claim against a government official for individual liability for "infringements resulting from the establishment of unconstitutional policies," a plaintiff must plausibly allege that "the official (1) established a policy (2) that was unconstitutional and (3) caused the plaintiff to be injured." *Weise v. Jenkins*, 796 F. Supp. 2d 188, 197 (D.D.C. 2011). A plaintiff must provide particularized facts to establish the specific role, if any, a given defendant had in creating the policy. A federal agent does not automatically incur policymaking liability based on their given position. *Id.* at 200.

Similarly, "[t]he party seeking to impose [supervisory] liability must demonstrate that the official had an obligation to supervise or train the wrongdoer in the manner alleged, that the duty was breached, and that this breach was a proximate cause of the injury." *Haynesworth v. Miller*, 820 F.2d 1245, 1260 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006). More than mere negligence is required to forge the affirmative link necessary "between the constitutional infringement and the supervisor's conduct." *See Shaw v. District of Columbia*, 944 F. Supp. 2d 43, 61 (D.D.C. 2013) (internal quotation marks omitted). "The duty to supervise is triggered by proof that, absent effective supervision, harm was not merely foreseeable, but was highly likely, given the circumstances of the case. *Haynesworth*, 820 F. Supp.

2d at 1261; *Elkins v. District of Columbia*, 690 F.3d 554, 566 (D.C. Cir. 2012) (explaining that supervisory liability is triggered only when it is clear that "some deprivation of rights will *inevitably* result") (emphasis in original) (internal quotation marks omitted)); *Int'l Action Ctr. v. United States*, 365 F.3d 20, 28 (D.C. Cir. 2004) (explaining that liability will attach where the supervisor "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see.").

Plaintiff has not satisfied any these pleading requirements, let alone alleged sufficient facts to establish a *Bivens* claim for policymaking or supervisory liability against Defendants.

<u>Federal Tort Claims Act</u>

Plaintiff does not expressly sue Defendants under the Federal Tort Claims Act ("FTCA") but makes passing reference to his constructive exhaustion of an FTCA administrative complaint. *See* Compl. at 7, 14; *see also* 28 U.S.C. § 2675. Assuming *arguendo* that Plaintiff intended to bring a cause of action under the FTCA, he has failed to sufficiently state a claim. The FTCA allows an individual to sue "the United States for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the federal Government while acting in the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable[.]" 28 U.S.C. § 1346(b)(1). As Defendants illustrate, Plaintiff's FTCA administrative claim is premised on the negligence of the civilian driver involved in the 2017 accident, not the actions of any BOP employees. Mem. at 23–24; *see* Compl. at 9, 13. Even construing all facts in a light most favorable to Plaintiff, he fails to allege any federal government action or omission as it relates to the incident, and thus has failed to state a claim under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Claims for Injunctive Relief

Plaintiff seeks his immediate release from custody. Compl. at 4. First, a federal prisoner must bring a claim in habeas if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration." *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) (citation and internal quotation marks omitted). Directing Defendants to immediately release Plaintiff would necessarily shorten the duration of his sentence. Further, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Plaintiff's immediate custodian is located in Fort Worth, Texas, not the District of Columbia. *See* Compl. at 1, 3.

Plaintiff would fare no better under the Administrative Procedures Act ("APA"), *see* 5 U.S.C. §§ 701–706. "The judicial review provisions of the APA . . . provide 'a limited cause of action for parties adversely affected by agency action.[,]' " but expressly exclude decisions "committed to agency discretion by law[.]" *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2016); 5 U.S.C. § 701 (a)(2). As a result, "a plaintiff who challenges such an action cannot state a claim under the APA." *Oryszak,* 576 F.3d at 525. The BOP "has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i), and such decisions are not judicially reviewable*." Levine v. Federal Bureau of Prisons*, 245 F. Supp. 3d 149, 153 (D.D.C. 2017) (collecting cases) (citations and internal quotation marks omitted).

For all of these reasons, this Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and the Complaint and this case are **DISMISSED**. The Court **DENIES** Defendants' Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

                                                                                                      _____/s/_____
                                                             COLLEEN KOLLAR-KOTELLY
Date:   January 22, 2020                         United States District Judge